**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **ROSE STEFANYSZYN**, individually and on behalf of all others similarly situated, | ) | Case No. |
| Plaintiff, | ) | |
| vs. | ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **ALLEGHENY HEALTH NETWORK**, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Named Plaintiff Rose Stefanyszyn ("Named Plaintiff"), on behalf of herself and others similarly situated, for her collective and class action Complaint against Defendant Allegheny Health Network ("Defendant" or "Defendant AHN"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1 *et seq.*

2. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the PMWA and PWPCL on behalf of herself and on behalf of other similarly situated employees employed by Defendant in the State of Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 29 U.S.C. § 1391 because Defendant is domiciled in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

7. Named Plaintiff Rose Stefanyszyn is an adult individual residing in West Mifflin, Pennsylvania. Named Plaintiff's written Consent to Join this Action is attached as **Exhibit A**.

8. Named Plaintiff was employed by Defendant from approximately November 6, 2006, to the present, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed by Defendant as an hourly Registered Nurse.

9. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e), the PMWA, and the PWPCL.

10. At all relevant times, Named Plaintiff and other similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendant**

11. Defendant AHN is a non-profit Pennsylvania corporation with headquarters at 120 5th Ave., Suite 2900, Pittsburgh, PA 15222. Defendant may accept service at 120 5th Ave., Suite 2900, Pittsburgh, PA 15222.

12. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the PMWA, and the PWPCL.

13. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, in that it is as an institution primarily engaged in the operation of a hospital. 29 U.S.C. §§ 203(r)(2)(A), 203(s)(1)(B).

14. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

**<u>FACTUAL ALLEGATIONS</u>**

15. Defendant operates as a health care system with 16 hospitals serving 29 Pennsylvania counties and portions of New York, Ohio, and West Virginia.[1]

16. Defendant employs hourly healthcare employees to provide various healthcare services.

17. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as hourly, non-exempt healthcare employees.

[1] https://www.ahn.org/about/fast-facts (last visited 10/6/2026). Defendant AHN locations include, but may not be limited to: AHN Beaver Hospital – Heritage Valley; Allegheny General Hospital; Allegheny Valley Hospital; Brentwood Neighborhood Hospital; Canonsburg Hospital; Forbes Hospital; AHN Grove City; Harmar Neighborhood Hospital; Hempfield Neighborhood Hospital; Jefferson Hospital; McCandless Neighborhood Hospital; Sain Vincent Hospital; AHN Sewickley Hospital – Heritage Valley; West Penn Hospital; Westfield Memorial Hospital; and Wexford Hospital. https://www.ahn.org/locations (last visited 10/6/2026).

**A. Defendant failed to pay Named Plaintiff and those similarly situated for time spent changing into and out of sterile work clothing and PPE, resulting in unpaid overtime.**

18. At all relevant times, Named Plaintiff and others similarly situated worked for Defendant as hourly, non-exempt healthcare employees.

19. At all relevant times, Named Plaintiff and other similarly situated employees were required to wear sterile work clothing and PPE, including hospital-issued scrubs or other sanitary clothing, in order to complete their job duties.

20. At all relevant times, Named Plaintiff and other similarly situated employees were required to change into and out of their required sterile work clothing and PPE at Defendant's facilities before reporting to their assigned units.

21. At all relevant times, Defendant required Named Plaintiff and other similarly situated employees to be fully dressed in their sterile work clothing and PPE and on their assigned unit and/or workstation by their scheduled shift start time.

22. Given the nature of Named Plaintiff's job, she and those similarly situated could not perform their jobs without the sterile work clothing and PPE that Defendant required to be donned and doffed at its facilities.

23. At all relevant times, Named Plaintiff and other similarly situated employees were required to arrive early to obtain and change into their sterile work clothing and PPE either off-the-clock, i.e. prior to clocking in for their scheduled shift, or after clocking in but were paid based on post-edited, rounded, modified, or otherwise inaccurate time records that did not reflect all time worked, including the time spent obtaining and donning sterile work clothing and PPE.

24. At all relevant times, Named Plaintiff and other similarly situated employees were required to doff and return their sterile work clothing and PPE either off-the-clock, i.e. after clocking out, or before clocking out but were paid based on post-edited, rounded, modified, or

otherwise inaccurate time records that did not reflect all time worked, including the time spent doffing and returning sterile work clothing and PPE.

25. Defendant did not pay Named Plaintiff and others similarly situated employees for the time they spent donning and doffing their required scrubs or other sanitary clothing because (1) their work was performed off-the-clock, and thus not captured by Defendant's timekeeping system, or (2) because Defendant paid Named Plaintiff and others similarly situated based on post-edited, rounded, modified, and inaccurate records which did not include the time Named Plaintiff and others similarly situated spent donning and doffing sterile work clothing and PPE.

26. Named Plaintiff and other similarly situated employees were not paid any amount of this pre- and post-shift donning and doffing time, and such time was not counted as hours worked for purposes of computing overtime.

27. For Named Plaintiff and other similarly situated employees, this pre- and post-shift donning and doffing time constituted a part of their fixed and regular working time.

28. There was no practical administrative difficulty in recording this unpaid work of Named Plaintiff and others similarly situated.

29. Defendant knew Named Plaintiff and other similarly situated employees were performing this compensable work without compensation.

30. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

31. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees. Named Plaintiff and other similarly situated employees were hired to perform generalized nursing and

other healthcare work in a hospital setting where infection prevention and the maintenance of a sanitary clinical environment are fundamental aspects of the work itself. Named Plaintiff and similarly situated employees could not perform their duties in compliance with Defendant's policies, accepted standards of healthcare practice, environmental standards, accreditation requirements, and infection-control protocols unless they first donned the required hospital-issued scrubs and sanitary clothing. Likewise, because Defendant required Named Plaintiff and other similarly situated employees to remove and return those scrubs and sanitary clothing at the end of each shift as part of its procedures, doffing the scrubs constituted an integral component of Named Plaintiff's and other similarly situated employees' principal work activities rather than a mere postliminary convenience.

32. At all relevant times, Named Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek for Defendant.

33. As a result of Named Plaintiff and other similarly situated employees not being paid for the time they spent donning and doffing their required sterile work clothing and PPE, as described above, they were not paid overtime compensation for all hours worked over forty (40) each workweek, in violation of the FLSA.

34. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA.

35. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**B. Defendant unlawfully rounded the time punches of Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

36. At all relevant times, Named Plaintiff and other similarly situated employees were required to record their hours worked using Defendant's electronic timekeeping system.

37. Defendant's electronic timekeeping system is located on Defendant's premises. Thus, Named Plaintiff and others similarly situated were required to be on Defendant's premises to clock in and out for their shifts.

38. At all relevant times, Defendant required Named Plaintiff and others similarly situated to be ready for work when they clock-in and are expected to begin work at their scheduled start time.

39. Thus, at the beginning of their workdays, Named Plaintiff and other similarly situated employees are required to clock in on Defendant's premises before their scheduled start time.

40. Named Plaintiff and other similarly situated employees clocked out on Defendant's premises, which was often after their scheduled shift end time.

41. However, Defendant did not pay Named Plaintiff and other similarly situated employees based on their clocked times. Instead, Defendant paid hourly employees based on post-edited, rounded, modified, and inaccurate records which did not include all compensable time worked by those employees.

42. As a result of Defendant's rounding practices, the time Named Plaintiff and other similarly situated employees spent working before their scheduled shift start times and after their scheduled shift end times, including walking to and from their work locations, was not included in their hours worked.

43. As a result of Named Plaintiffs and other similarly situated employees not being paid for all hours worked as a result of Defendant's rounding practices described herein, they were not paid overtime compensation for all hours worked over forty (40) each workweek, in violation of the FLSA.

44. Under Pennsylvania law, the time Named Plaintiff and other similarly situated employees spent performing work before and after their shifts, including walking to and from time clocks, is compensable and should have been paid by Defendant. *See Heimbach v. Amazon.com, Inc.,* 667 Pa. 16, 225 A.3d 191 (Pa. 2021).

45. The Pennsylvania Supreme Court in *Heimbach v. Amazon.com, Inc.,* emphasized that under the PMWA, employees must be paid for "all hours worked," which includes time during which an employee is required by the employer to be on the premises, on duty, or at the prescribed workplace. This mirrors the United States Supreme Court's holding in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946), which provides that "[t]he statutory workweek includes all time during which an employee is necessarily required to be on the employer's premises…." *Anderson,* 328 U.S. at 690-691. This includes, among other things, all time spent walking to an employee's work location from the time clock at the beginning of the workday and to the time clock from their work location at the end of the workday. *Id.* at 691-692.

46. Pursuant to the Pennsylvania Supreme Court's decision in *Heimbach v. Amazon.com, Inc.,* and consistent with the United States Supreme Court's holding in *Anderson*, the unpaid time Named Plaintiff and other similarly situated employees spent on Defendant's premises from the time they clocked in and traveled to their work location until the time they traveled from their work location and clocked out was compensable work time.

47. At all relevant times, Named Plaintiff and those similarly situated were required to record their hours worked using Defendant's electronic timekeeping system.

48. At all relevant times, Defendant's electronic timekeeping system was located on Defendant's premises. Thus, at all relevant times, Named Plaintiff and others similarly situated were required to be on Defendant's premises to clock in and out for their shifts.

49. At all relevant times, as a result of Defendant's policies and practices of rounding employee time clock entries, editing employees clocked times, and/or only paying employees from their shift start time to their shift end time, the time Named Plaintiff and other similarly situated employees spent performing compensable work before and after their scheduled shifts, including time spent traveling to and from time clocks, was not included in their hours worked, and they were not compensated for that time.

50. At all relevant times, Defendant's rounding practice systematically favored the employer and, over time, failed to compensate Named Plaintiff and similarly situated employees for all hours worked.

51. At all relevant times, Named Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek for Defendant.

52. As a result of Defendant's policies and practices of rounding employee time clock entries, editing employees clocked times, and/or only paying employees from their shift start time to their shift end time, Defendant failed to pay Named Plaintiff and other similarly situated employees for all hours worked, including time spent traveling to and from time clocks, and including all hours worked in excess of forty (40) in a workweek at the rate of one and one half-times their properly calculated regular rate, in violation of the PMWA.

**C. Defendant failed to timely pay Named Plaintiff and those similarly situated for all wages earned in accordance with the Pennsylvania Wage Payment and Collection Law.**

53. At all relevant times, Defendant agreed to pay Named Plaintiff and those similarly situated an hourly rate for all hours worked within a workweek, including overtime compensation, in accordance with the FLSA and Pennsylvania law.

54. Named Plaintiff and those similarly situated accepted Defendant's offer to pay an hourly rate for all hours they worked within a workweek, including overtime compensation, in accordance with the FLSA and Pennsylvania law.

55. The PWPCL requires employers, like Defendant, to pay employees, including Named Plaintiff and others similarly situated, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. 43 P.S. §§ 260.3 and 260.5.

56. As a result of Defendant's policies and practices of rounding employee time clock entries, editing employees clocked times, and/or only paying employees from their shift start time to their shift end time, Defendant failed to timely pay Named Plaintiff and other similarly situated employees for all hours worked, including pre- and post-shift work such as traveling to and from times clocks, and including overtime wages, in violation of the PWPCL.

**Defendant's Recordkeeping Violations**

57. The FLSA and Pennsylvania law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. §211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; 43 P.S. § 333.108.

58. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

59. Likewise, Pennsylvania law requires employers to keep true and accurate records of the hours worked by each employee and the wages paid to each employee. *See* 43 P.S. § 333.108.

60. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

61. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Named Plaintiff and other similarly situated employees.

62. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

63. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA, the PMWA, and PWPCL, and violated the FLSA's and PMWA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS
## (Donning and Doffing Scrubs in Violation of the FLSA)

64. Named Plaintiff brings this action on her own benefit pursuant to 29 U.S.C. §216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

65. The FLSA Collective which Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send notice under the FLSA is defined as:

> **All current and former hourly, non-exempt employees of Defendant, including temporary employees as applicable, who were required to change into and out of sterile work clothing (e.g., scrubs) while on Defendant's premises, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("FLSA Collective Members").**

66. The employees constituting the FLSA Collective are referred to hereinafter as the "FLSA Collective Members."

67. Named Plaintiff and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

68. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

69. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt healthcare employees, and all were subject to and injured by Defendant's unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and one-half times their regular rates for all hours that exceeded forty (40) in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

70. The identities of the putative FLSA Collective Members are readily identifiable through the records Defendant has maintained, and was required to maintain, pursuant to the

FLSA, 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2, such as payroll records, timekeeping records, scrubs management/dispensing records, and badge swipe records.

**PENNSYLVANIA CLASS ACTION ALLEGATIONS BROUGHT UNDER THE PENNSYLVANIA MINIMUM WAGE ACT**
**(Donning and Doffing in Violation of the PMWA)**

71. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Pennsylvania, which are defined as:

> **All current and former hourly, non-exempt employees of Defendant in Pennsylvania, including temporary employees as applicable, who, according to Defendant's records, were required to change into and out of sterile work clothing (e.g., scrubs) while on Defendant's premises, and who worked forty (40) or more hours during any workweek at any time from six (6) years preceding the filing of this Complaint through the final disposition of this matter (the "Rule 23 Scrubs Class").**

72. The Employees constituting the Rule 23 Scrubs Class are hereinafter referred to as the "Rule 23 Scrubs Class Members."

73. The Rule 23 Scrubs Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed one hundred (100) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Pennsylvania law.

74. There are questions of law or fact common to the Rule 23 Scrubs Class including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly

calculated regular rate as a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for all hours worked or suffered to work.

75. The questions of law or fact that are common to the Rule 23 Scrubs Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Rule 23 Scrubs Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

76. Named Plaintiff's claims are typical of the claims of the Rule 23 Scrubs Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Rule 23 Scrubs Class Members.

77. Named Plaintiff and the Rule 23 Scrubs Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Rule 23 Scrubs Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Scrubs Class.

78. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 Scrubs Class Members. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of the Rule 23 Scrubs Class Members.

79. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Rule 23 Scrubs Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently

small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**PENNSYLVANIA CLASS ACTION ALLEGATIONS BROUGHT UNDER THE PENNSYLVANIA MINIMUM WAGE ACT**
**(Rounding in Violation of the PMWA)**

80. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a class of employees who have similar claims under the laws of the State of Pennsylvania, which are defined as:

> **All current and former hourly, non-exempt employees of Defendant in Pennsylvania, including temporary employees as applicable, who were subject to Defendant's rounding practices, and who worked forty (40) or more hours during any workweek at any time from six (6) years preceding the filing of this Complaint through the final disposition of this matter (the "Rule 23 Rounding Class").**

81. The employees constituting the Rule 23 Rounding Class are hereinafter referred to as the "Rule 23 Rounding Class Members."

82. The Rule 23 Rounding Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed one hundred (100) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Pennsylvania law.

83. There are questions of law or fact common to the Rule 23 Rounding Class including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly

calculated regular rate as a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for all hours worked or suffered to work.

84. The questions of law or fact that are common to the Rule 23 Rounding Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Rule 23 Rounding Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

85. Named Plaintiff's claims are typical of the claims of the Rule 23 Rounding Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Rule 23 Rounding Class Members.

86. Named Plaintiff and the Rule 23 Rounding Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Rule 23 Rounding Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Rounding Class.

87. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 Rounding Class Members. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of the Rule 23 Rounding Class.

88. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Rule 23 Rounding Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently

small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**PENNSYLVANIA CLASS ACTION ALLEGATIONS BROUGHT UNDER THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**(Rounding in Violation of the PWPCL)**

89. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Pennsylvania, which are defined as:

> **All current and former hourly, non-exempt employees of Defendant in Pennsylvania, including temporary employees as applicable, who were subject to Defendant's rounding practices, and who worked forty (40) or more hours during any workweek at any time from six (6) years preceding the filing of this Complaint through the final disposition of this matter (the "Rule 23 PWPCL Class").**

90. The employees constituting the Rule 23 PWPCL Class are hereinafter referred to as the "Rule 23 PWPCL Class Members."

91. The Rule 23 PWPCL Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed one hundred (100) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Pennsylvania law.

92. There are questions of law or fact common to the Rule 23 PWPCL Class including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly

calculated regular rate as a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for all hours worked or suffered to work.

93. The questions of law or fact that are common to the Rule 23 PWPCL Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Rule 23 PWPCL Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

94. Named Plaintiff's claims are typical of the claims of the Rule 23 PWPCL Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Rule 23 PWPCL Class Members.

95. Named Plaintiff and the Rule 23 PWPCL Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Rule 23 PWPCL Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 PWPCL Class.

96. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 PWPCL Class Members. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of the Rule 23 PWPCL Class.

97. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Rule 23 PWPCL Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently

small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

98. The Rule 23 Scrubs Class, the Rule 23 Rounding Class, and the Rule 23 PWPCL Class will collectively be referred to as the "Rule 23 Classes."

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

99. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

100. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

101. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) per workweek of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

102. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the FLSA Collective Members for the time they spent donning and doffing their required sterile work clothing and PPE before and after their scheduled shifts.

103. Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

104. Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendant.

105. Defendant's practice and policy of not paying Named Plaintiff and others similarly situated for the time they spent donning and doffing their required sterile work clothing and PPE before and after their scheduled shifts resulted in Defendant's failure to pay Named Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

106. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rates of pay.

107. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

108. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

109. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b

**COUNT TWO**
**(PMWA Violations for Unpaid Donning and Doffing Time)**

110. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

111. Named Plaintiff brings this claim for violation of the PMWA, on behalf of herself and all members of the Rule 23 Scrubs Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

112. Named Plaintiff and the Rule 23 Scrubs Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the PMWA.

113. The PMWA requires employers to pay their employees minimum wages for all hours worked, and overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 43 P.S. § 333.104.

114. Named Plaintiff and the Rule 23 Scrubs Class Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the Rule 23 Scrubs Class Members for the time they spent donning and doffing their required sterile work clothing and PPE before and after their scheduled shifts.

115. At all relevant times, Named Plaintiff and the Rule 23 Scrubs Class Members regularly worked forty (40) or more hours per workweek for Defendant.

116. Defendant's practice and policy of not paying Named Plaintiff and the Rule 23 Scrubs Class Members for the time they spent donning and doffing their required sterile work clothing and PPE before and after their scheduled shifts resulted in Defendant's failure to pay Named Plaintiff and the Rule 23 Scrubs Class Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) per workweek.

117. Named Plaintiff and the Rule 23 Scrubs Class Members were not paid lawful overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, resulting in violations of Pennsylvania law.

118. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Rule 23 Scrubs Class Members for all hours worked, and all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

119. As a result of Defendant's policies and practices stated herein, Defendant failed to pay Named Plaintiff and the Rule 23 Scrubs Class Members all overtime compensation earned at a rate of not less than one and one-half times their regular rates of pay in violation of the PMWA.

120. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Rule 23 Scrubs Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

## COUNT THREE
## (PMWA Violations for Rounding)

121. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

122. Named Plaintiff brings this claim for violation of the PMWA, on behalf of herself and all members of the Rule 23 Rounding Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

123. Named Plaintiff and the Rule 23 Rounding Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the PMWA.

124. The PMWA requires employers to pay their employees minimum wages for all hours worked, and overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 43 P.S. § 333.104.

125. Named Plaintiff and the Rule 23 Rounding Class Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the Rule 23 Rounding Class

Members for compensable working time as a result of Defendant's rounding practices described herein.

126. At all relevant times, Named Plaintiff and the Rule 23 Rounding Class Members regularly worked forty (40) or more hours per workweek for Defendant.

127. Defendant's practice and policy of not paying Named Plaintiff and the Rule 23 Scrubs Class Members for all compensable work because of Defendant's rounding practices described herein resulted in Defendant's failure to pay Named Plaintiff and the Rule 23 Rounding Class Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) per workweek.

128. Named Plaintiff and the Rule 23 Rounding Class Members were not paid lawful overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, resulting in violations of Pennsylvania law.

129. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Rule 23 Rounding Class Members for all hours worked, and all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

130. As a result of Defendant's policies and practices stated herein, Defendant failed to pay Named Plaintiff and the Rule 23 Rounding Class Members all overtime compensation earned at a rate of not less than one and one-half times their regular rates of pay in violation of the PMWA.

131. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Rule 23 Rounding Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

**COUNT FOUR**
**(PWPCL Violations)**

132. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

133. Named Plaintiff brings this claim for violation of the PWPCL, on behalf of herself and all members of the Rule 23 PWPCL Class.

134. The PWPCL requires employers, like Defendant, to pay employees, including Named Plaintiff and the Rule 23 PWPCL Class Members, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. 43 P.S. §§ 260.3 and 260.5.

135. During the court of their employment, Defendant agreed to pay Named Plaintiff and the Rule 23 PWPCL Class Members an hourly rate for all hours worked within a workweek, including an overtime rate for all hours worked over forty (40) in a workweek, in accordance with the FLSA and Pennsylvania law.

136. Named Plaintiff and each Rule 23 PWPCL Class Member accepted Defendant's offer.

137. During the course of their employment, Defendant failed to pay Named Plaintiff and the Rule 23 PWPCL Class Members for all hours worked because of Defendant's practices like rounding, time clock editing, and failing to pay for donning/doffing of hospital-issued scrubs, which excluded compensable work from Named Plaintiff's and the Rule 23 PWPCL Class Members' paid hours.

138. As a result of Defendant's policies and practices stated herein, Named Plaintiff and the Rule 23 PWPCL Class Members were not timely paid all wages earned within the time periods

required by the PWPCL. This resulted in Named Plaintiff and the Rule 23 PWPCL Class Members not receiving all wages that they earned and were entitled to receive under Pennsylvania law.

139. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Rule 23 PWPCL Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

140. Defendant's failure to pay all wages due under the PWPCL to Named Plaintiff and the Rule 23 PWPCL Class Members entitles them to the unpaid wages plus prejudgment interest, all available penalty wages, and reasonable attorney's fees and costs incurred in this action. *See* 43 P.S. § 260.9a.

141. Named Plaintiff and the Rule 23 PWPCL Class Members are also entitled to recover from Defendant liquidated damages in an amount equal to the greater of twenty-five percent (25%) of the total amount of wages due or $500 for each violation of the PWPCL, including each regular payday or paycheck on which Defendant failed to timely pay all wages due, to the fullest extent permitted by law. *See* 43 P.S. § 260.10.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, individually and on behalf of others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the members of the Rule 23 Classes;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective Members, and the members of the Rule 23 Classes;

D. Award Named Plaintiff and the FLSA Collective Members actual damages for unpaid wages and liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

E. Award Named Plaintiff and the members of the Rule 23 Scrubs Class and the Rule 23 Rounding Class actual damages for unpaid wages, plus, as liquidated damages, all statutory penalties and enhancements permitted by the PMWA;

F. Award Named Plaintiff and the members of the Rule 23 PWPCL actual damages for unpaid wages and, as liquidated damages, an amount equal to the greater of twenty-five percent (25%) of the total amount of unpaid wages or $500 for each violation of the PWPCL, including each regular payday or paycheck on which Defendant failed to timely pay all wages due, to the fullest extent permitted by 43 P.S. § 260.10;

G. Award Named Plaintiff, the FLSA Collective Members, and the members of the Rule 23 Classes pre-judgment and post-judgment interest at the statutory rate;

H. Award Named Plaintiff, the FLSA Collective Members and the members of the Rule 23 Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

I. Award Named Plaintiff, the FLSA Collective Members, and the members of the Rule 23 Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*_/s/ Hans A. Nilges_*
Hans A. Nilges (OH Bar 0076017)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hnilges@ohlaborlaw.com

Robi J. Baishnab (OH Bar 0086195)
Jay E. Krasovec (OH Bar 0069787)*
Nicholas A. Boggs (OH Bar 0102430)*
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
jkrasovec@ohlaborlaw.com
nboggs@ohlaborlaw.com

Payton J. Schroeder (OH Bar 0104722)*
34 N High Street, Suite 502
Columbus, OH 43215
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: pschroeder@ohlaborlaw.com

**Pro hac vice admission anticipated*

*Counsel for Named Plaintiff*

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*
*Counsel for Named Plaintiff*